UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK J. POVOSKI, JR.,

                                        Plaintiff,

                                                          No. 9:11-cv-120
                    -v-                                   (DNH/DEP)


 DALE ARTUS, et al.,


                                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

FRANK J. POVOSKI
Plaintiff pro se
05-B-2531
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN              KEVIN P. HICKEY, ESQ.
Attorney for Defendants                Ass't Attorney General
New York State Attorney General
The Capitol
Albany, NY 12224


DAVID N. HURD
United States District Judge


## DECISION and ORDER

## I. INTRODUCTION

        Pro se plaintiff Frank J. Povoski brought this action against seventy-three defendants

pursuant to 42 U.S.C. § 1983.  On February 11, 2014, the Honorable David E. Peebles,

United States Magistrate Judge, advised by Report-Recommendation that defendants'

motion for summary judgment be granted in part, but otherwise denied, and that plaintiff's excessive force, pendent common law claims, and certain of his failure to intervene claims remain pending for trial.[1] Defendants timely filed objections to the Report-Recommendation. For the following reasons, the Report–Recommendation is accepted and adopted as modified below.

## II. **STANDARD OF REVIEW**

When specific objections are made to a magistrate judge's Report-Recommendation, the court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C). On de novo review, "a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance." Dallio v. Hebert, 678 F. Supp. 2d 35, 41, n.1 (N.D.N.Y. 2009) (Suddaby, J.) (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1137–38 (2d Cir. 1994)). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. **DISCUSSION**

### A. **Pendent Common Law Claims**

In their objections, defendants argue for the first time that New York Correction Law section 24 precludes plaintiff's pendent common law claims against officers and employees of the Department of Corrections and Community Supervision ("DOCCS") in their personal

---

[1] The Report-Recommendation also advised that defendant Drollette be dismissed from the action based upon this court's prior decision.

capacities.  In his Report-Recommendation, Magistrate Judge Peebles noted:

> Count 2 of plaintiff's complaint asserts pendent common law claims of assault, battery, and intentional and negligent infliction of emotional distress.  Dkt. No. 1 at 18.  Because defendants' motion does not address the sufficiency of those claims, I have not addressed those claims, and they remain pending for trial.

ECF No. 93, at 54, n.15.

As explained above, on de novo review, a district court will ordinarily refuse to consider arguments raised for the first time.  "However, 28 U.S.C. § 636(b)(1) affords a district court the authority to consider new evidence, as well as case law presented for the first time, in making its de novo determination after an objection is filed."  Dallio, 678 F. Supp. 2d at 42.  Mindful of the fact that if this argument had merit and it is not considered at this stage of the action, that decision may result in four pendent common law claims proceeding to trial over which the court lacks subject-matter jurisdiction.  As a result, in the interest of judicial economy, this new argument will be considered.

New York Correction Law section 24, reads in relevant part:

> 1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of [DOCCS], in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of [DOCCS] shall be brought and maintained in the court of claims as a claim against the state.

Although this provision explicitly bars only cases filed in state court, it is equally applicable to state law claims filed in federal court because "'[i]f a state would not recognize a plaintiff's right to bring a state claim in state court, a federal court exercising pendent jurisdiction, standing in the shoes of a state court, must follow the state's jurisdictional

determination and not allow that claim to be appended to a federal law claim in federal court.'" Dallio, 678 F. Supp. 2d at 57 (quoting Baker v. Coughlin, 77 F.3d 12, 15 (2d Cir. 1996) (internal quotations omitted)).

Here, the complaint alleges that the defendants, who are all DOCCS employees, committed the state law torts of assault, battery, and intentional and negligent infliction of emotional distress.  Compl. ¶¶ 60, 61.  As the facts in plaintiff's complaint reveals, "[a]ll the Defendants have acted, and continue to act, under the color of state law at all times relevant to this complaint."  Id. ¶ 13.  The complaint thus brings state law claims against DOCCS officers and employees in their personal capacities for damages "arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee."  N.Y. Correct. Law § 24.  Accordingly, plaintiff's state law claims are barred by New York Correction Law section 24 and Count 2 containing these claims will be dismissed.

### B. **Defendants Jerry Wood and Thomas Wood**

Finally, defendant Jerry Wood seeks clarification that the defendant Wood against whom plaintiff is permitted to go forward with his excessive force claim is defendant Thomas Wood.

There are two defendants Wood in this case—Jerry Wood and Thomas Wood.  To clarify, the defendant against whom plaintiff is permitted to go forward with his excessive force claim is defendant Thomas Wood.  In accordance with the Report-Recommendation, the complaint will be dismissed as against Jerry Wood.

## IV. CONCLUSION

Plaintiff's pendent common law claims of assault, battery, and intentional and

negligent infliction of emotional distress are barred by New York Correction Law section 24 and Count 2 containing these claims will be dismissed. Further, to clarify, the complaint will be dismissed as against Jerry Wood and plaintiff's excessive force claim will remain for trial as against defendant Thomas Wood.

The Report-Recommendation is accepted and adopted in all other respects. <u>See</u> 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

1. Defendants' motion for summary judgment is GRANTED in part and DENIED in part;

2. Plaintiff's deliberate medical indifference, mail interference, and denial of access to the court causes of action, as well as his failure to intervene claims against defendants Brian Fischer and Dale Artus are DISMISSED;

3. Plaintiff's (1) excessive force claims arising out of the alleged assaults on January 31, 2008; February 12, 2008; and February 13, 2008 as against defendants Randal Smith; John Reyell; Todd Strack; Thomas Wood; James Cooper; James Tyler; Michael Giambruno; Keith Bushey; David Trudeau; and Richard Rendle remain for trial; and (2) plaintiff's failure to intervene claims as against defendants Kelly Bonner and Dr. Berggren remain for trial;

4. Count 2 including plaintiff's claims of assault, battery, and intentional and negligent infliction of emotional distress are DISMISSED; and

5. Defendant Scott Drollette is DISMISSED from the action based upon the court's prior decision.

The Clerk is directed to serve a copy of this Decision and Order upon plaintiff in

accordance with the Local Rules.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  March 28, 2014
          Utica, New York.