

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Direct Dial: (518) 776-2287

January 19, 2015

David E. Peebles
U.S. Magistrate Judge
Northern District of New York
100 S. Clinton Street
Syracuse, NY 13261-8500

Re: <u>Povoski v. Reyelle, et al</u>, 11-CV-120 (DEP)

Dear Judge Peebles:

      I write in response to the letter-brief submitted by Plaintiff's counsel on January 16, 2015, which raises three evidentiary issues: (1) the admissibility of Plaintiff's felony conviction record; (2) Plaintiff's "educational and employment background" apparently reflected in a resume that has not been disclosed; and (3) the admissibility of "evidence relating to disciplinary actions." Because Plaintiff's counsel has not provided us his proposed exhibits, nor even his exhibit list, we are disadvantaged in responding to these issues. Nonetheless, based solely on the contents of the January 16, 2015 letter, we submit the following evidentiary arguments:

      (1)    Proof of Plaintiff's entire felony record is clearly and presumptively admissible under Rule 609, for the reasons set forth in Point III of Defendants' pretrial memorandum. Nothing in the January 16 letter-brief, which is devoid of any discussion of Rule 609 or cases that have construed that Rule, warrants a contrary decision.

      (2)    Seeking to have his cake and eat it too, Plaintiff seeks to hide his sixteen felony convictions from the jury and at the same time impress the jury with his resume, which reputedly sets forth his education and employment history. While the jury concededly is allowed to consider the educational background of any witness in evaluating his credibility, a self-serving (and previously undisclosed) resume prepared by the Plaintiff is clearly inadmissible hearsay under Rule 801(c). <u>Thomas v. Sheahan</u>, 556 F. Supp 2d 861, 878 (N.D. Ill. 2008) (resume's contents constituted inadmissible hearsay, but error in that case was harmless).

(3) A misbehavior report was issued to Plaintiff as a result of the incident of February 13, 2008, and a Tier III disciplinary hearing was thereafter conducted, at which Plaintiff and two Defendants were interviewed by Hearing Officer Drollette. The Tier III hearing packet and a transcript of the hearing tape have been premarked by the Defendants as Exhibits D-43 and D-44, but that does not mean that Defendants intend to offer any part of such documents in evidence, except insofar as certain segments may be admissible as prior statements under Rule 801(d)(1) and/or 801(d)(2). The underlying disciplinary hearing was administratively reversed by DOCCS Central Office on May 14, 2008, because the hearing officer "fail[ed] to indicate [on the record] how the inmate's mental health was considered as required by Chapter V." Because Plaintiff was already serving a previously-imposed period of SHU confinement when this administrative reversal took place, as a practical matter, he never served a day of disciplinary confinement as a result of his Tier III "conviction" for engaging in violent conduct and disobeying a direct order on February 13, 2008. Thus, as a matter of fact, Plaintiff may not recover damages allegedly attributable to the disciplinary charges brought against him.

More importantly, as a matter of law, Plaintiff is foreclosed from recovering damages or equitable relief as a consequence of this (or any other) Tier III hearing that may have been brought against him. In Judge Hurd's initial order of July 13, 2011 allowing Plaintiff to proceed *in forma pauperis*, all purported due process and/or retaliation claims asserted by Plaintiff that were predicated on such disciplinary proceedings were dismissed. Dkt. 6 at 13-17. In the subsequent Report-Recommendation and Order that granted in part and denied in part the Defendants' motion for summary judgment, the Court dismissed the purported claim asserted against Hearing Officer Drollette, based on the Court's earlier decision. Dkt. 93 at 14, n. 6; Dkt. 97 at 5 (dismissing all purported claims except for Eighth Amendment use-of-force claims). *See generally* Davis v. Scherer, 468 U.S. 183, 193 (1984); Bolden v. Alston, 810 F.2d 353, 358 (2d Cir.), *cert. denied*, 484 U.S. 896 (1987) (State procedural requirements do not establish federal constitutional rights and a violation of state procedural law or regulation cannot be a basis for liability under § 1983); Barnes v. Henderson, 628 F. Supp. 2d 407, 411 (W.D.N.Y. 2009) ("[A] violation of New York State regulations concerning disciplinary hearings does not in itself establish a due process violation."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"); *see also* Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) ("[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report.").

Finally, while proceeding *pro se* in this matter, Plaintiff made an improper argument in opposition to the Defendants' motion for summary judgment, in which he posited that the administrative reversal of the Tier III hearing undermines the credibility of Officer Tyler, who wrote the misbehavior report of February 13, 2008. Povoski affidavit (8/25/13) at ¶ 78; Dkt. 88 at 45-46. Again, this argument is without merit, as a matter of fact and as a matter of law.

In the event that the jury hears any testimony pertaining to the Tier III hearing completed on March 3, 2008 and/or the fact that it thereafter was administratively reversed, the defendants request that the Court give a limiting instruction to the jury, a copy of which is submitted herewith.

Thank you for your attention to this matter.

>Very truly yours,
>
>*David Roberts*
>
>DAVID B. ROBERTS
>Assistant Attorney General
>Federal Bar Roll #102455
>David.Roberts@ag.ny.gov

cc (via e-filing):
Jason F. Poplaski, Esq.