UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

FRANK J. POVOSKI, JR.,

Plaintiff,                                                                          9:11-CV-0120

        -against-                                                                  DEP

JOHN REYELL, et al.,

Defendants.

---------------------------------------------------------X

## DEFENDANTS' FIRST SUPPLEMENTAL
## REQUESTED JURY INSTRUCTION

      Defendants respectfully request that the Court adopt the jury instructions annexed hereto, when it charges the jury at the conclusion of the trial scheduled to commence on January 26, 2015.

Dated: January 19, 2015

                                                ERIC T. SCHNEIDERMAN
                                                Attorney General of the State of New York
                                                Attorney for Defendants
                                                The Capitol
                                                Albany, New York 12224-0341

                                                Of Counsel:

                                                David B. Roberts, AAG
                                                Bar Roll No. 102455
                                                Telephone: (518) 776-2287

                                                Joshua L. Farrell, AAG
                                                Bar Roll No. 518561
                                                Telephone: (518) 776-2599

**Requested Instruction Regarding Evidence Admitted For Limited Purpose**

During the course of this trial, you heard some testimony to the effect that Plaintiff was issued a misbehavior report relating to the incident of February 13, 2008; that he was confined in disciplinary confinement; and/or that the disciplinary hearing relating to the February 13, 2008 incident was later reversed on administrative appeal. Such evidence was permitted for the limited purpose of providing background information relating to this case, in which the only issue before you is whether or not plaintiff was subjected to excessive force by one or more of the defendants.

You are not to speculate as to the reason for the administrative reversal of the disciplinary hearing, which is irrelevant to the plaintiff's Eighth Amendment excessive force claim. There is no claim before you in this case, relating to the inmate disciplinary proceeding arising from this incident, and you may not award damages to plaintiff based on the fact that he received a misbehavior report or received any disciplinary sanction after the incident of February 13, 2008.

**Authority:** Order herein dated July 13, 2011 (Dkt. 6 at 13-17); Report-Recommendation dated February 11. 2014 and Order dated March 28, 2014 granting in part and denying in part the Defendants' motion for summary judgment (Dkt. 93 at 14, n. 6; Dkt. 97 at 5) (dismissing all purported claims except for Eighth Amendment use-of-force claims). *See generally* Davis v. Scherer, 468 U.S. 183, 193 (1984); Bolden v. Alston, 810 F.2d 353, 358 (2d Cir.), *cert. denied*, 484 U.S. 896 (1987) (State procedural requirements do not establish federal constitutional rights and a violation of state procedural law or regulation cannot be a basis for liability under § 1983); Barnes v. Henderson, 628 F. Supp. 2d 407, 411 (W.D.N.Y. 2009) ("[A] violation of New York State regulations concerning disciplinary hearings does not in itself establish a due process violation."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"); *see also* Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) ("[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report.").

**REQUESTED BY DEFENDANTS IN THE EVENT SUCH EVIDENCE IS ADMITTED**

Date: January 19, 2015               ERIC T. SCHNEIDERMAN
                                     Attorney General of the State of New York
                                     Attorney for Defendants
                                     The Capitol
                                     Albany, New York  12224-0341

                                     By:

                                     *David B. Roberts*
                                     David B. Roberts, AAG
                                     Bar Roll No.  102455
                                     Telephone: (518) 776-2287

                                     *Joshua L. Farrell*
                                     Joshua L. Farrell, AAG
                                     Bar Roll No.  518561
                                     Telephone: (518) 776-2599